[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12782

Non-Argument Calendar

_____

CHARLES WEINACKER,

Plaintiff-Appellant,

*versus*

WAHL CLIPPER CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cv-00314-TFM-MU

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Charles Weinacker, proceeding *pro se*, appeals the district court's grant of a motion to dismiss in favor of Wahl Clipper Corporation (Wahl). Weinacker alleges that he owns the exclusive trademark rights to the "pet friendly" mark and Wahl repeatedly infringed on these rights. To this effect, Weinacker brought trademark infringement claims under the Lanham Act 15 U.S.C. § 1051 *et seq*. In response, Wahl filed a motion to dismiss, which was granted by the district court. Weinacker now challenges this dismissal on appeal. After a thorough review of the record and parties' briefing, we **AFFIRM** the district court.[1]

## I.

A district court's ruling on a 12(b)(6) motion is reviewed de novo. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). Upon a party's motion, the court may dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive the motion, the

---

[1] Wahl moved for sanctions pursuant to Federal Rule of Appellate Procedure 38, alleging that this appeal is frivolous. We **DENY** this motion. "Rule 38 sanctions are appropriately imposed against appellants who raise clearly frivolous claims in the face of established law and clear facts," and that is not what is before us here. *See Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (quotation marks omitted). Weinacker's claims are not "utterly devoid of merit" and, therefore, there is no need for sanctions. *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993).

23-12782                Opinion of the Court                3

pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alteration omitted). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

Weinacker argues that the district court erred in dismissing his claims because the trademark was valid and showed a likelihood of consumer confusion. He also argues that the court improperly dismissed his contributory infringement and copyright infringement claims. We address each argument in turn.[2]

A.

Turning first to his claim for trademark infringement, the Lanham Act defines a trademark as "any word, name, symbol, or

---

[2] "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Here, Weinacker fails to challenge the district court's dismissal of his trademark dilution, reputational damage, and false designation/unfair competition claims. Accordingly, we find that he has abandoned any challenge to the district court's dismissal of these claims, and do not consider them on appeal.

device, or any combination thereof used by a person . . . to identify and distinguish [that person's] goods . . . from those manufactured or sold by others and to indicate the source of the goods." 15 U.S.C. § 1127 (cleaned up). The unauthorized use of another's trademark is prohibited pursuant to the following conditions:

> (1) Any person who shall, without the consent of *the registrant*— (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a *registered mark* in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the *registrant* . . . .

15 U.S.C. § 1114(1)(a) (emphasis added).

A successful trademark infringement claim requires showing: (1) "trademark rights in the mark or name at issue" and (2) that another party "adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1130–31 (11th Cir. 2018) (quotation marks omitted). Marks that are capable of distinguishing an applicant's goods from others may be registered, which also ensures formal protection from trademark infringement. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Certain marks are "deemed inherently distinctive and are entitled to protection." *Id.* However, other marks that "are merely descriptive of a product" may still "acquire[] distinctiveness through secondary meaning." *Id.* at 769. To determine whether a

name has acquired a secondary meaning, we apply a four-factor test:

> (1) the length and nature of the name's use; (2) the nature and extent of advertising and promotion of the name; (3) the efforts of the proprietor to promote a conscious connection between the name and the business; and (4) the degree of actual recognition by the public that the name designates the proprietor's product or service.

*Tana v. Dantanna's*, 611 F.3d 767, 776 (11th Cir. 2010) (quotation marks omitted).

> To assess a likelihood of confusion, our circuit considers:

> (1) distinctiveness of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods or services offered under the two marks; (4) similarity of the actual sales methods used by the two parties, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) existence and extent of actual confusion in the consuming public.

*Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1360 (11th Cir. 2007). Of all seven factors, we hold "the type of mark and the evidence of actual confusion to be the two most important." *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) (quotation marks omitted).

Against this precedent, we find that the district court properly dismissed Weinacker's federal trade-mark infringement claim brought under 15 U.S.C. § 1114 and 1125(a) because § 1114 only applies to registered trademarks. *See* 15 U.S.C. § 1114(1)(a). Weinacker did not allege that he held an active registered trade-mark with the United States Patent and Trademark Office. Weinacker's claim also fails as an unregistered mark seeing as he did not allege sufficient facts regarding the distinctiveness of his mark. *Two Pesos, Inc.*, 505 U.S. at 769. Rather, Weinacker simply alleged that he had exclusively and continuously used the mark. The record does not support finding that "pet friendly" is a distinct term, nor does the evidence suggest that Wahl's use of the phrase causes confusion. *Commodores Ent. Corp.*, 879 F.3d at 1130–31; *Suntree Techs.*, 693 F.3d at 1346. Thus, Weinacker failed to properly allege a trademark infringement claim and we affirm in this respect.

## B.

A claim for contributory trademark infringement requires that a plaintiff show: "(1) a person or entity commits direct trade-mark infringement under the Lanham Act; and (2) the defendant (a) 'intentionally induces' the direct infringer to commit infringement, (b) supplies a 'product' to the direct infringer whom it 'knows' is directly infringing (actual knowledge), or (c) supplies a 'product' to the direct infringer whom it 'has reason to know' is directly infringing (constructive knowledge)." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1312 (11th Cir. 2019)

23-12782               Opinion of the Court                    7

(quoting *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982)).

The district court properly dismissed Weinacker's claim of contributory trademark infringement as he did not allege a claim of direct trademark infringement, and thus failed to meet the first requirement. *Luxottica Grp., S.p.A.*, 932 F.3d at 1312. Further, Weinacker's allegations of contributory infringement, both below and on appeal, are unclear at best. Accordingly, we affirm as to this issue as well.

                                   C.

To establish a claim of copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The first element requires proof that the work is original and complies with the applicable statutory formalities[3] for copyright. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996). "Once the plaintiff produces a certificate of copyright, the burden shifts to the defendant to demonstrate why the claim of copyright is invalid." *Id.* Notably however, "[w]ords and short phrases such as names, titles, and slogans" are not subject to copyright protection and

---

[3] "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

applications concerning said words or phrases will not be entertained.  37 C.F.R. § 202.1.

Here, the district court properly dismissed Weinacker's copyright claim because he failed to allege that he held a registered copyright.  *See* 17 U.S.C. § 411(a).  Additionally, Weinacker failed to identify the work that Wahl purportedly infringed upon.  To the extent he identified the phrase "pet friendly" as a potential copyrightable work, such short phrases are not subject to copyright protection pursuant to 37 C.F.R. § 202.1.  Accordingly, we affirm the district court here as well.

## II.

For these reasons, we do not find any error in the district court's ruling.

**AFFIRMED.**